Attorneys for the Plaintiff:
Duffy & Duffy PLLC
1370 RXR Plaza
Uniondale, NY 11556-1370
Tel.: (516) 394-4200
Fax: (516) 394-4229

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

DEBORAH ANN GATTONI, Individually and on Behalf of,          Civil Action No.: 20-cv-2947
All Others Similarly Situated                               :

                    Plaintiffs,          :

                           :          JURY TRIAL
                                      DEMANDED

        -against-          :

MOUNT SINAI HEALTH SYSTEM, INC.,
MOUNT SINAI BETH ISRAEL MEDICAL CENTER,          :
a/k/a BETH ISRAEL MEDICAL CENTER,
and BETH ISRAEL MEDICAL CENTER,          :

                    Defendant.          :

----------------------------------------------------------------------------X

<u>COMPLAINT</u>

    Plaintiff, Deborah Ann Gattoni ("Mrs. Gattoni" or "plaintiff", by and through her

counsel, Duffy & Duffy PLLC., hereby files this complaint against defendants MOUNT SINAI

HEALTH SYSTEM, INC., MOUNT SINAI BETH ISRAEL MEDICAL CENTER, and BETH

ISRAEL MEDICAL CENTER, and alleges, upon her own knowledge, and information and

belief as to all other matters, as follows:

<u>NATURE OF THE CASE</u>

    1.    In violation of well-publicized and well-settled laws, defendants made a financial

decision not to remove a variety of unlawful architectural barriers which exist at the facility

known as Beth Israel Medical Center a/k/a Mount Sinai Beth Israel Medical Center, ("Beth Israel") which is a public accommodation.  This choice is egregious as this facility is a hospital serving a major metropolitan area.  The violations detailed below are inexcusable as Beth Israel Medical Center, among others, signed a settlement agreement concerning the facility identified herein as Beth Israel on October 9, 2017 to resolve a 2014 lawsuit brought by The United Spinal Association, Inc., and others, under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the New York State Human Rights Law, and the New York City Human Rights Law.  (Attached as Exhibit "1" is a copy of that Stipulation).  Instead, defendants have chosen to create and follow a policy to exclude plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of defendants' public accommodation. In particular, it is unacceptable that in 2019 a New York City hospital failed to have wheelchair accessible restrooms, and failed to properly train its employees how to accommodate disabled individuals.

2.      Plaintiff files this action on behalf of herself, and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 et seq., and New York City Human Rights Law, Admin. Code § 8-107, et seq.

3.      Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the defendants.

<u>VENUE AND JURISDICTION</u>

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.

5.     This Court has supplemental jurisdiction over plaintiff's allegations arising from defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in New York County, which is part of the Southern District of New of Southern District of New York.

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201, and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

<u>PARTIES</u>

8.     Plaintiff is now, and at all times mentioned in this complaint, a resident of the State of New Jersey.

9.     At all times herein mentioned, defendant, MOUNT SINAI HEALTH SYSTEM, INC., was a domestic corporation, duly incorporated and existing under and by virtue of the laws of the State of New York.

10.     At all times herein mentioned, defendant, MOUNT SINAI BETH ISRAEL MEDICAL CENTER**,** was a domestic corporation, duly incorporated and existing under and by virtue of the laws of the State of New York.

11.     At all times herein mentioned, defendant, BETH ISRAEL MEDICAL CENTER, was a domestic corporation, duly incorporated and existing under and by virtue of the laws of the State of New York.

12.     At all times herein mentioned, defendant, MOUNT SINAI HEALTH SYSTEM, INC., was the owner and/or operator of a hospital/healthcare system and/or facilities known as Beth Israel, located at 281 First Avenue, New York, New York 10003.

13.     At all times herein mentioned, defendant, , MOUNT SINAI BETH ISRAEL MEDICAL CENTER a/k/a BETH ISRAEL MEDICAL CENTER, was the owner and/or operator of a hospital/healthcare system and/or facilities known as Beth Israel, located at 281 First Avenue, New York, New York 10003.

14.     At all times herein mentioned, defendant, BETH ISRAEL MEDICAL CENTER, was the owner and/or operator of a hospital/healthcare system and/or facilities known as Beth Israel, located at 281 First Avenue, New York, New York 10003.

15.     Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by defendants, and who are protected by, and are beneficiaries of, the ADA, New York State Law, and New York City Law.

16.     Plaintiff, complaining for herself and all others similarly situated residents in the City of New York and State of New York hereby alleges:

(a)     the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

4

(b)      there are questions of law or fact common to the class which predominate over any questions affecting only individual members;

(c)      the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)      the representative parties will fairly and adequately protect the interests of the class; and

(e)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17.      References to "plaintiffs" shall be deemed to include the individually named, plaintiff, Mrs. Gattoni, and each member of the Class, unless otherwise indicated, while "plaintiff" shall continue to refer solely to Mrs. Gattoni.


STATUTORY SCHEME


18.      The 2010 United States Census indicates that more than 56.7 million persons in the United States have a disability.[1]

19.      The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

20.      It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

21.      The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

---

[1] https://www.census.gov/newsroom/releases/archives/miscellaneous/cb12-134.html

22.     Construction and accessibility alterations made on or after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design. (See 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D). (2010 ADA Standards for Accessible Design hereinafter referred to as "2010 Standards").

23.     Construction and accessibility alterations commenced after January 26, 1992, and before September 15, 2010, must comply with the 1991 ADA Accessibility Standards. (The 1991 ADA Accessibility Standards hereinafter referred to as "1991 Standards").

24.     If a public accommodation is altered in the manner that affects, or could affect, the usability of the public accommodation thereof, it must make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities.

25.     Where a public accommodation undertakes an alteration that affects or could affect usability of or access to an area of the public accommodation containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities.

26.     All public accommodations, regardless of the year it was built or altered, have the continuous lawful obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

27.     Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA.  See 42 U.S.C. § 12182(b)(2)(A)(iv).

28.     The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

29.     Public accommodations located in the City of New York must comply with the Building Code of the City of New York (hereinafter referred to as "BCCNY"). Where BCCNY and ADA differ, the standard that provides greater or equal protection for the right of individuals with disabilities shall prevail.

30.     The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA, New York State Human Rights Law, and the New York City Human Rights Law.

31.     The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

32.     Discriminatory intent is not required to establish liability under the ADA, the New York State Human Rights Law, or the New York City Human Rights Law.

## FACTUAL BACKGROUND

33.     The plaintiff, Mrs. Gattoni has suffered from Amyotrophic lateral sclerosis (ALS or "Lou Gehrig's disease") since 2004, and her disability requires her to use a wheelchair for mobility.  Due to her condition, she cannot transfer to a toilet from the wheelchair on her own, and requires assistance to use bathroom facilities.  Accordingly, she requires a bathroom water

closet (bathroom stall) or toilet compartment large enough to accommodate a wheelchair, and a

person to provide assistance, which is typically her husband.  A sizeable portion of the

population requires a wheelchair for mobility and requires assistance in using bathroom

facilities.  Plaintiff, and those similarly situated, should be afforded the basic dignity of using a

bathroom while at a hospital.

34.    The plaintiff is disabled under the statute, which in pertinent part states that:

> disability means, with respect to an individual, a physical or
> mental impairment that substantially limits one or more of
> the major life activities of such individual… . The phrase
> major life activities means functions such as caring for one's
> self, performing manual tasks, walking, seeing, hearing,
> speaking, breathing, learning, and working.

28 CFR §36.104

35.    During the relevant time period, defendant MOUNT SINAI HEALTH SYSTEM,

INC., owned or leased, and continues to own or lease the commercial property which houses a

public accommodation named Beth Israel located at 281 First Avenue, New York, New York

10003.

36.    During the relevant time period, defendant MOUNT SINAI BETH ISRAEL

MEDICAL CENTER, a/k/a BETH ISRAEL MEDICAL CENTER owned or operated, and

continues to own or operate, the public accommodation named Beth Israel located at 281 First

Avenue, New York, New York 10003.

37.    During the relevant time period, defendant BETH ISRAEL MEDICAL CENTER,

owned or operated, and continues to own or operate, the public accommodation named Beth

Israel located at 281 First Avenue, New York, New York 10003.

38.    Upon information and belief, since 1992, defendants' public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

39.    On June 21, 2019, the plaintiff entered the defendants' subject facility, to enjoy full and equal access to, and the benefits of, all the accommodations and services offered at the defendants' property.  Plaintiff and her husband were at Beth Israel visiting a family member treating at the hospital.  Mrs. Gattoni asked to use a bathroom, and she and her husband were directed to lobby by a hospital employee.  They looked for a family and/or handicapped bathroom; however, there was none, only mens' and ladies' bathrooms.  They entered the ladies' bathroom  and were dismayed to find that the sole "handicap" stall was too narrow for a wheelchair, much less for her husband to assist her transfer onto the toilet.  Also, there was no room to maneuver her wheelchair within the stall, and the stall door swung inward eliminating any space that an open door would make available to maneuver.  This rendered the public accommodation inaccessible to the plaintiff, and those similarly situated.  Plaintiff, and any similarly situated individual, cannot visit or treat at this hospital as it lacks handicapped restrooms.  When she attempted to use the facilities, she and her husband were humiliated and verbally abused by the employees present that day.  No one should be stripped of their dignity by being admonished and belittled simply because they need to use the bathroom.

40.    Features of defendants' public accommodation inaccessible to the plaintiff and others similarly situated, include, but are not limited to:

a.    Defendant does not provide an accessible bathroom to disabled persons, as the identified bathroom was located downstairs from the floor of the hospital they were visiting.

b.    There was not a clear circle of at least 60 inches around the side wall and 56 inches from the rear wall to allow a wheelchair to turn (the door swing into the minimum required area for wheelchair-accessible toilet compartments).

c.    The locking mechanism of the bathroom door is at an inaccessible height.

d.    The paper towel dispenser located in the bathroom is at an inaccessible height.

e.    Upon information and belief, the centerline of the toilet is not 16 inches minimum to 18 inches maximum from the side wall.

f.    Upon information and belief, the height of the toilet is not 17 inches to 19 inches, measured to the top of the toilet seat to the ground.

g.    Upon information and belief, the bathroom does not have the required grab bars.

41.    Plaintiff was, and remains, deterred from visiting defendants' public accommodation because of the existing accessibility barriers.

42.    Plaintiff has the intention to return to defendants' public accommodation once it becomes readily accessible and usable as it is a hospital that has treated her relatives.

43.    The removal of existing architectural barriers is readily achievable.

44.    To date, defendants have failed to remove the architectural barriers.

<u>FIRST CAUSE OF ACTION</u>
(Violations of the Americans with Disabilities Act) (Injunctive Relief)

45.    Defendants' public accommodation, Beth Israel, located at 281 First Avenue, New York, New York 10003 is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

46.    Defendants have failed to make adequate accommodations and modifications to its public accommodation located 281 First Avenue, New York, New York 10003.

10

47.     Defendants have failed to remove all architectural barriers that are structural in nature in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

48.     There exists readily achievable modifications which would make defendants' public accommodation accessible, and readily usable, by plaintiff and all others similarly situated.

49.     Defendants failed to make the necessary readily achievable modifications to its public accommodation.

50.     It is not impossible for defendants to remove the architectural barriers which exist at its public accommodation.

51.     Defendants failed to design and construct its public accommodation that is readily accessible to and usable by the public, including plaintiff, in violation of 42 U.S. Code § 12183(a)(1).

52.     It is not structurally impracticable for defendants' public accommodation to be accessible.

53.     Defendants failed to alter its public accommodation to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

54.     Defendants' public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

55.     Defendants have discriminated against plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

56.     Defendants have subjected plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, to a denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).  Including but not limited to, using bathroom facilities within defendants' public accommodation located at 281 First Avenue, New York, New York 10003.

57.     Defendants have not afforded plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).  Including but not limited to, using bathroom facilities at the public accommodation located at 281 First Avenue, New York, New York 10003.

58.     Defendants have provided plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).  Including but not limited to, using bathroom facilities at the public accommodation located at 281 First Avenue, New York, New York 10003.

59.      Defendants have not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

60.     Defendants have denied plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

61.     Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

62.     Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

63.     Defendants should have achieved accessibility by January 26, 1992.

64.     The barriers to access defendants' public accommodation continue to exist.

65.     Reasonable accommodations exists which do not impose an undue hardship on the operation of the defendants' program or activity.

66.     Reasonable accommodations could be made which do not fundamentally alter the nature of the defendants' program or activity.


<u>SECOND CAUSE OF ACTION</u>
(Violations of New York State Human Rights Law)
(Injunctive Relief and Damages on Behalf of Plaintiffs)


67.     Plaintiff re-alleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

68.     The New York State Human Rights Law, in relevant part, provides the following:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … .
>
> NYS Executive Law §296(2)(a)

69.     Defendants' facility located at 281 First Avenue, New York, New York 10003.is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

70.     Defendants have not provided plaintiff and others similarly situated with even-handed treatment in violation of New York State Human Rights Law § 296.

71.     Defendants' direct or indirect uneven-handed treatment of plaintiff and others similarly situated is demonstrated when she was segregated from all other customers.

72.     Defendants have, because of plaintiff's disability, directly or indirectly, refused, withheld from or denied plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

73.     Defendants have demonstrated that the patronage of customers, patients, or visitors such as the plaintiff and others similarly situated, are unwelcome, objectionable or not acceptable, desired or solicited.

74.     Defendants and their agents discriminated against plaintiff in violation of New York State Human Rights Law § 296.

75.     Defendants discriminated against plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against plaintiff, in violation of New York State Human Rights Law § 296.

76.     As a direct and proximate result of the disability discrimination perpetrated by defendants in violation of the New York State Human Rights Law, plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

THIRD CAUSE OF ACTION
(Violations of New York State Civil Rights Law)
(Statutory Damages on Behalf of Plaintiffs)

77.     Plaintiff re-alleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

78.     On the basis of plaintiff's disability, defendants have violated her Civil Rights.

79.     Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

80.     Pursuant to NY Civil Rights law, defendants are guilty of a class A misdemeanor.

81.     Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

FOURTH CAUSE OF ACTION
(Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4) ("NYCHRL"))
(Injunctive Relief and Damages on Behalf of Plaintiffs)

82.     Plaintiff re-alleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

83.     Defendants' public accommodations named including but not limited to, using bathroom facilities at Beth Israel located at 281 First Avenue, New York, New York 10003,

which is a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

84.    In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated plaintiff and others similarly situated.

85.    In violation of New York City Admin. Code, defendants have unlawfully discriminated against plaintiff and all others similarly situated.

86.    In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the plaintiff, directly or indirectly, refused, withheld from and denied plaintiff the accommodations, advantages, facilities or privileges thereof.

87.    In violation of New York City Admin. Code, on the basis of plaintiff's disability, defendants have demonstrated that the patronage or custom of plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

88.    Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

89.    As a direct and proximate result of defendants disability discrimination in violation of the New York City Human Rights Law, plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## FIFTH CAUSE OF ACTION
(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))
(Injunctive Relief and Damages on Behalf of Plaintiffs)

90.     Plaintiff re-alleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

91.     The New York City Human Rights Law, in a relevant part, provides:

it shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation:

1.      Because of any person's actual or perceived … disability …, directly or indirectly: (a) to refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation…

NYC Admin. Code §8-107(4)

92.     Reasonable accommodations and modifications are necessary to enable plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

93.     Defendants failed to provide plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

94.     In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8- 107(15), defendants have not reasonably accommodated plaintiff and others similarly situated.

95.     In violation of New York City Admin. Code, defendants have unlawfully discriminated against plaintiff and all others similarly situated.

96.     Reasonable accommodations and modifications are necessary to enable plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

97.     In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual

17

or perceived disability of the plaintiff, directly or indirectly, refused, withheld from, and denied plaintiff the accommodations, advantages, facilities or privileges thereof.

98.     In violation of New York City Admin. Code, defendants have demonstrated that, because of plaintiff's disability, the patronage or custom of the plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

99.     As a direct and proximate result of defendants disability discrimination in violation of the New York City Human Rights Law, plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## ATTORNEYS' FEES AND COSTS

100.     The plaintiff had to retain the undersigned counsel for the filing and prosecution of this action. The plaintiff is entitled to have her reasonable attorney's fees, including litigation expenses, and costs, including expert fees, paid by the defendants, pursuant to the ADA, 28 CFR §36.505 and New York Executive Law §297.  Furthermore, pursuant to the New York City Human Rights Law, the Court may award the prevailing party reasonable attorneys' fees.  Under that law's definition "prevailing" includes a plaintiff, whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant. NYCHRL, in pertinent part, states the following:

> In any civil action commenced pursuant to this section, the Court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs. For the purposes of this subdivision, the term "prevailing" includes a plaintiff whose

commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such plaintiff's favor. The Court shall apply the hourly rate charged by attorneys of similar skill and experience litigating similar cases in New York County when it chooses to factor the hourly rate into the attorney's fee award.

NYC Admin. Code §8-502(g)

SIXTH CAUSE OF ACTION
(Declaratory Relief)

102.    Plaintiff re-alleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

103.    Plaintiff is entitled to a declaratory judgment concerning the violations committed by defendants specifying the rights of the plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests the following relief from the Court:

(a)    Certify this case as a class action;

(b)    Issue a permanent injunction

    (1)    proscribing disability discrimination,

    (2)    requiring defendants to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, and

   (3)  compelling defendants to make all necessary modifications to defendants'

      policies or practices so that plaintiff will not be subject to further

      discrimination, in accordance with New York State Human Rights Law,

      New York City Human Rights Law, and Title III of the ADA.

(c)  Enter declaratory judgment, specifying defendants ADA and New York state law

violations and declaring the rights of plaintiff and other persons similarly situated as to

defendants' policies, practices, procedures, facilities, goods and services offered to the

public.

(d)  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold defendants

liable for $500 for each violation.

(e)  Pursuant to New York State Civil Rights Law § 40-d, find defendants guilty of a

class A misdemeanor for violating New York State Civil Rights Law.

(f)  Award statutory damages in the amount of $500 for each of defendants violation

of New York State Civil Rights Law § 40-c and 40-d.

(g)  That the court retain jurisdiction over the defendants until the court is satisfied

that the unlawful practices, acts and omissions no longer exist and will not reoccur.

(h)  Award plaintiff compensatory damages in the amount of $10,000 for the

discrimination perpetrated by defendants in violation of New York State Human Rights

Law.

(i)  Award plaintiff compensatory damages of $10,000 for the discrimination

perpetrated by defendants in violation of New York City Human Rights Law.

(j)    Award plaintiff punitive damages in the amount to be determined by the jury for defendants' reckless disregard of plaintiff's civil rights and their intentional discrimination in violations of New York City Human Rights Law.

(k)    Find that plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the plaintiff and other persons similarly situated may be justly entitled.

(l)    For such other and further relief, at law or in equity, to which the plaintiff and other persons similarly situated may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial of all triable issues raised in this Complaint.

Dated: April 9, 2020
    Uniondale, New York

Respectfully submitted,

DUFFY & DUFFY, PLLC
*Attorneys for the Plaintiff*

By: s/ Robert J. Cristiano
ROBERT J. CRISTIANO
1370 RXR Plaza
Uniondale, NY 11556-1370
rcristiano@duffyduffylaw.com
Tel.: (516) 394-4200

21